**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**_____**

**SARA J. M.,**

                      **Plaintiff,**                 **5:21-cv-557**
                                                   **(GLS)**

          **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                      **Defendant.**
**_____**

**APPEARANCES:**              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Olinsky Law Group            HOWARD D. OLINSKY, ESQ.
250 South Clinton Street - Suite 210
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. CARLA B. FREEDMAN      JESSICA RICHARDS
United States Attorney           Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Anatoly Shnaider
Regional Chief Counsel
Office of Regional Counsel, Region II
625 JFK Building
15 New Sudbury Street
Boston, MA 02203

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Sara J. M. challenges the Commissioner of Social Security's denial of Social Security Disability Insurance (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Sara's arguments, the Commissioner's decision is reversed and remanded for further administrative proceedings.

### II. Background

Sara applied for SSI and DIB benefits on March 7 and 22, 2016, respectively, alleging a disability beginning on June 1, 2013.  (Tr.[1] at 107, 108, 260-70.)  When her applications were denied, (Tr. at 35-36), she requested a hearing before an Administrative Law Judge (ALJ), (Tr. at 137-38), which was held on April 16, 2018, (Tr. at 28-65).  On June 29, 2018, the ALJ issued a decision denying Sara's claims for DIB and SSI benefits. (Tr. at 109-26.)  Sara appealed that decision, "rais[ing] a challenge under the Appointments Clause of the Constitution," and the Appeals Council

_____

[1]  Page references preceded by "Tr." are to the consecutively paginated administrative transcript.  (Dkt. No. 11.)

2

remanded the case for a new hearing in order to cure "[a]ny Appointments

Clause defect."  (Tr. at 128.)  A subsequent hearing was held on July 28,

2020.  (Tr. at 66-89).  On August 10, 2020, the ALJ issued a decision

denying Sara's claims for DIB and SSI benefits, (Tr. at 7-27), which

became the Commissioner's final determination upon the Appeals

Council's denial of review, (Tr. at 1-4).

Sara commenced the present action on May 13, 2021, by filing her

complaint, wherein she seeks review of the Commissioner's determination.

(Compl.)  Thereafter, the Commissioner filed a certified copy of the

administrative transcript.  (Dkt. No. 11.)  Each party filed a brief seeking

judgment on the pleadings.  (Dkt. Nos. 17, 18.)

### III.  Contentions

Sara argues that the Commissioner's decision was legally erroneous

and not supported by substantial evidence.  (Dkt. No. 17 at 11-19.)

Specifically, Sara claims that: (1) "[t]he ALJ failed to properly weigh multiple

sources of record . . . [and] erred by failing to provide legitimate rationale

for rejecting [certain] disabling limitations" when crafting Sara's residual

functional capacity (RFC); and (2) "[t]he ALJ erred in finding that [Sara] had

a limited education rather than finding her to be functionally illiterate."  (*Id.*

at 1.)  The Commissioner contends that: (1) that substantial evidence[2] supports the ALJ's determination; and (2) the ALJ's determination regarding Sara's education level and literacy comported with the governing regulations.  (Dkt. No. 18 at 6-16.)  The court agrees with Sara that remand is necessary.

## IV.  Facts

The court adopts the parties' factual recitations to the extent they are consistent with the statement of facts contained in the ALJ's decision and supported by the medical record.  (Tr. at 12-19; Dkt. No. 17 at 1-11; Dkt. No. 18 at 1-5.)

## V.  Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here.  For a full discussion of the standard and the five-step process by which the

---

[2] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990) (internal quotation marks and citations omitted).

[3] The § 405(g) standard of review in DIB proceedings brought under Title II of the Act also applies to SSI proceedings under Title XVI of the Act.  *See* 42 U.S.C. § 1383(c)(3). Similarly, the analysis of SSI claims under Title XVI parallels, in relevant part, the statutory and regulatory framework applicable to DIB claims under Title II.  *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Accordingly, although the regulatory sections cited herein are sections of Title II, the substance is found in both Title II and Title XVI.

Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-*3 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

### A.    RFC

Sara argues that "the ALJ's RFC determination is unsupported by substantial evidence" given how he considered the various medical source opinions and the limitations that they suggested.  (Dkt. No. 17 at 13.)  The Commissioner counters that "[t]he ALJ properly assessed the medical opinions and appropriately considered the" other medical evidence in the record in crafting the RFC.  (Dkt. No. 18 at 6-14.)

A claimant's RFC "is the most [she] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).  In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints.  *Id.* § 404.1545(a)(3).  An ALJ's RFC determination must be supported by substantial evidence in the record.  *See* 42 U.S.C. § 405(g).  An RFC that is not supported by substantial evidence justifies remand.  *See York v. Comm'r of Soc. Sec.*,

357 F. Supp. 3d 259, 263 (W.D.N.Y. 2019).

Here, the ALJ determined:

> [T]hat [Sara] has the [RFC] to perform a full range of work at all exertional levels, and she retains the ability to understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain attention/concentration for simple tasks and *regularly attend to a routine and maintain a schedule*.   [Sara] can interact with supervisors on an occasional basis throughout the workday after learning her job duties from an instructional or demonstration lesson.  She can work in proximity to coworkers, but she should only have brief occasional interaction with them. [Sara] should have no contact with the public.  She can make decisions directly related to the performance of simple work and handle usual workplace changes and interactions associated with simple work.  She should work in a position where she is not responsible for the work of or required to supervise others.  Finally, [Sara] should work in a position with little change in daily work processes or routine.

(Tr. at 15 (emphasis added).)  The ALJ "based [the RFC] on the opinion of [Dr.] Juriga."  (Tr. at 16.)  However, Dr. Juriga's opinion noted that Sara "evidenced marked limitation in her ability to . . . maintain a regular schedule."  (Tr. at 99.)  In weighing Dr. Juriga's opinion, the ALJ noted that it was consistent with the other medical records,[4] and that Dr.

---

[4]  However, in noting this, the ALJ stated that Dr. Juriga's "opinion [wa]s consistent with other records that describe . . . normal attention [and] normal concentration," (Tr. at 16), which stands in contrast to Dr. Juriga's opinion, (Tr. at 99).

6

Juriga "has program and professional expertise." (Tr. at 16.) The ALJ gave his opinion "some weight" and the only reason that the opinion "[wa]s not given more weight, [was because Dr. Juriga] did not have the opportunity to examine" Sara. (*Id.*) The ALJ did not discuss Dr. Juriga's finding that Sara "evidenced marked limitation in her ability to . . . maintain a regular schedule." (*Id.*)

Two of the other medical opinions also noted that Sara may not be able to maintain a regular schedule. Dr. Loomis noted that Sara had a "marked limitation" with regard to "maintain[ing] a regular schedule," (Tr. at 469), and Madalyn Smith, LCSW, indicated that Sara would be unable to "[m]aintain regular attendance and be punctual within customary usually strict tolerances," additionally noting that Sara "often forgets appointments," (Tr. at 898). While the ALJ stated that the limitations suggested in these opinions "[we]re contrary to most other evidence in the record," (Tr. at 17), the evidence he cited in support was an evaluation "f[i]nd[ing] good eye contact, normal motor activity, normal speech, an even mood, linear and logical thought processes, good concentration, intact memory, good insight, a good attitude, and good judgment," (Tr. 17 (citing Tr. at 752)), and records "not[ing] a normal mood, normal affect, normal behavior,

normal judgment, intact attention, intact concentration and intact memory,"
(Tr. at 17 (citing Tr. at 612-748, 821-826)). None of which directly support
the finding that Sara could maintain a regular schedule.

While assessing the credibility of Sara's testimony, the ALJ stated
that Sara "[wa]s able to . . . attend appointments," however, the ALJ cites to
Sara's Function Report in support of this proposition, which is
contradictory, noting that Sara's mother and boyfriend help her keep up
with her children's doctor's appointments and school meetings, and that
she has trouble remembering things.  (Tr. at 301.)

Accordingly, because neither the medical opinions nor record
documents support the ALJ's determination that Sara can "regularly attend
to a routine and maintain a schedule," and in many instances, contradict it,
(Tr. at 99, 301, 469, 666, 898), this determination is not supported by
substantial evidence.[5]

Additionally, this error is not harmless, because the vocational
expert's testimony regarding the availability of suitable jobs in the national
economy relied on a proposed RFC from the ALJ that stated that "the

---

[5]  Because Sara's remaining contentions relate to purported errors at later stages of the
sequential analysis, (Dkt. No. 17 at 17-19), "the court need not address them."  *See*
*Valguarnera v. Astrue*, No. 1:11-cv-1330, 2012 WL 5966537, at *2 (N.D.N.Y. Nov. 28, 2012).

individual . . . [can r]egularly attend a routine and maintain a schedule."

(Tr. at 84.)  Accordingly, the court cannot say that, if this portion of the

proposed RFC was removed, that the vocational expert would still have

concluded that there was available work.  (Tr. at 84.)

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and

**REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for

proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this

Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 14, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge